**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM HESS,

        Petitioner,

                                  CIVIL NO. 2:14-CV-10276
v.                                  HONORABLE SEAN F. COX
                                  UNITED STATES DISTRICT COURT

JEFFREY WOODS,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

William Hess, ("petitioner"), presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through his attorney Peter Jon Van Koek of the State Appellate Defender's Office, petitioner challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws, § 750.316(A), and first-degree felony murder, Mich. Comp. Laws, § 750.316(B). For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

    The jury convicted defendant for the January 27, 1979, murder of Julius Schnoll at

1

the Great Scott supermarket in Farmington. Defendant broke into the store with an accomplice and ordered Schnoll to open a safe. When Schnoll could not unlock the safe, defendant shot Schnoll in the head. Though investigators first received a tip about defendant's potential involvement in the crime in 1980, he was not prosecuted until 2010 after a second accomplice, Tim Richman, received immunity in exchange for his testimony.

*People v. Hess*, No. 299753, 2012 WL 975042, * 1 (Mich. Ct. App. Mar. 22, 2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 493 Mich. 871, 821 N.W.2d 668 (2012).

Petitioner seeks a writ of habeas corpus on the following ground:

Because Mr. Hess has satisfied both 28 U.S.C. § 2254(D) and 28 U.S.C. §(E), this Court should hold an evidentiary hearing in order to adjudicate Mr. Hess' Strickland Sixth Amendment ineffective assistance of counsel claim.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>     (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

2

application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562

3

U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III. Discussion

Petitioner first contends that he should be granted an evidentiary hearing in order to adjudicate his Sixth Amendment ineffective assistance of counsel claim.

This Court does not have the power to grant habeas relief on petitioner's claim that the Michigan Court of Appeals improperly denied his motion to remand for an evidentiary hearing pursuant to M.C.R. 7.211. There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980). Where a habeas petitioner alleges a denial of his or her right to appeal a state criminal conviction, he or she is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984). In addition, violations

of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the Michigan Court of Appeals erred in its application of M.C.R. 7.211 in denying petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 F. App'x. 577, 584 (6th Cir. 2006). There is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585. Accordingly, petitioner would not be entitled to habeas relief.

Even if there is a due process component to petitioner's claims involving the denial of his motion to remand by the Michigan Court of Appeals, deprivation of this sort would not form the basis for issuing a writ of habeas corpus, but might support a request for an evidentiary hearing in this Court for the purpose of developing a record on the petitioner's ineffective assistance of counsel claims. *See May v. Renico,* 2002 WL 31748845, * 5 (E.D. Mich. November 12, 2002). This Court must determine whether petitioner is entitled to an evidentiary hearing on his claims.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an

5

evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). A habeas petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003)(petitioner was not entitled to an evidentiary hearing on his claims that he was denied his right to counsel and that his appellate counsel rendered ineffective assistance, where he did not assert any facts which, if true, would establish a constitutional error). As will be discussed below, petitioner's ineffective assistance of counsel claims are without merit, therefore, he is not entitled to an evidentiary hearing on these claims.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562

6

U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Therefore, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

> Because of this doubly deferential standard, the Supreme Court has indicated that:
>
> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's*

deferential standard.

*Harrington v. Richter*, 562 U.S. at 105.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

Petitioner alleges that trial counsel was ineffective by failing to call polygraph technician Lt. Chester Romatowski and Trooper Hal Rauch to testify that following their interview of petitioner, they would recommend that no warrant be issued against petitioner.

The results of a polygraph examination are inadmissible under Michigan law. *See Amunga v. Jones,* 51 F. App'x. 532, 540 (6th Cir. 2002)(citing *People v. Ray*, 431 Mich. 260, 430 N.W.2d 626 (1988); *People v. Nash*, 244 Mich. App. 93, 625 N.W.2d 87 (2000)(per curiam). Assuming the technicians would testify that it was their recommendation that no warrant be issued against petitioner, the opinion would be based on how petitioner presented during the polygraphs. Eliciting testimony pertaining to the perceptions of Officers Romatowski and Rauch would require bringing in background information pertaining to the polygraphs, since this is the background that formed the basis of their opinions. In light of the fact that Michigan law precludes the admission of polygraph examination results at trial, counsel was not ineffective for failing to call the polygraph technicians to testify at trial, assuming that they would testify to a belief that petitioner had been coerced into falsely confessing to a murder he did not commit and that they recommended that no warrant be issued against petitioner. Furthermore, petitioner has failed to present the questions asked at the polygraphs examinations, actual results, and any affidavits from these officers, to this court or the state courts, concerning their proposed testimony and willingness to testify on the

8

petitioner's behalf.

Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of counsel claim, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has failed to attach any offer of proof or any affidavits sworn by the proposed witnesses. Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551*,* 557 (6th Cir. 2007).

Petitioner also claims that trial counsel was ineffective by failing to call Sergeant Peter Amato. A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted). The first report from Sergeant Peter Amato, attached to petitioner's brief, references the polygraph tests which are inadmissible at trial. The second report concludes with Sergeant Amato finding "At this time Writer believes that in the statement of William Hess he was deceptive as far as his statement about the weapon." Further, the report indicated that "with Hess's past M.O. (throwing items of evidence into the water), that the possibility exists that this is where the weapon in question is at this time, Writer will proceed accordingly with this investigation."

9

While petitioner claims that his trial counsel was ineffective by failing to call Sergeant Peter Amato to testify at trial, the second report authored by Amato questions petitioner's veracity. The two reports authored by Sergeant Peter Amato would not have exculpated petitioner and could have harmed petitioner's claim that his confessions were coerced and that he was not involved in the murder. Trial counsel was not ineffective for failing to call Sergeant Peter Amato to testify on petitioner's behalf.

Defense counsel must investigate all appropriately substantial defenses available to the defendant and must assert them in a timely manner. *Fornash v. Marshall*, 686 F. 2d 1179, 1187 (6th Cir. 1982). The right to the effective assistance of counsel is violated where, through his or her own ineffectiveness or incompetence, defense counsel deprives a criminal defendant of a substantial defense. *Williams v. Abshire*, 544 F. Supp. 315, 318 (E.D. Mich. 1982).

While petitioner testified on his own behalf at both the *Walker* hearing and at trial that the confessions were false and had been coerced by Corp. Larry Henry's threats against his life, the record clearly reflects that the information provided within the statements contained information that could only be known by the perpetrator, information intentionally withheld from the public. Detective Thomas Daniels testified at trial that the details of the crime had not been released to the media (Tr. 3/5/2010, p. 16). Yet petitioner knew about damaging the grill on the ventilation shaft, about coming down into the store and seeing employees, about telling them to "freeze", about what was taken during the robbery, about a .38 Special being used, and about a ski mask being worn (*Id.*, pp. 16-20). This information was also supported at trial by petitioner's accomplice Timothy Richman, who testified at petitioner's trial. Richman testified that as he and petitioner were watching TV at a party, a news story came on about the incident at the Great Scott store. Petitioner

10

looked at Richman and said, "We did that, didn't we." (*Id.,* pp. 178-179). Gary Meisel also testified at trial that about four to eight weeks after the crime, he was at a social gathering when petitioner told someone about how he broke into a store through the roof and shot someone during the course of the robbery. (*Id.,* p. 68).

Although petitioner believes that trial counsel failed to provide him with a substantial defense by not calling Sergeant Peter Amato, the report written by Amato mentions Amato's belief that petitioner was being deceptive when petitioner provided information about the gun used, which did not match the ballistics' pattern for the slug recovered from the murder scene. Amato further mentions that with petitioner's "past M.O. (throwing items of evidence into the water), that the possibility exists that this is where the weapon in question is at this time." Trial counsel exercised sound trial strategy by choosing to attack the ballistic evidence without bringing in testimony from Sgt. Peter Amato, which would have underminded petitioner's defense. Amato's testimony pertaining to his belief of petitioner's deception could have strengthened the prosecutor's case that the confession was not coerced and clearly demonstrates that petitioner was guilty of the crime. Trial counsel was not ineffective for failing to call witnesses that would not have exculpated petitioner and may have caused damage to his defense by bringing into question his veracity. Petitioner's claims are meritless.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate

whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner will be DENIED leave to appeal *in forma pauperis*.

Dated: March 16, 2016                               S/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM HESS,

        Petitioner,

                                  CIVIL NO. 2:14-CV-10276
v.                                     HONORABLE SEAN F. COX
                                     UNITED STATES DISTRICT COURT

JEFFREY WOODS,

        Respondent.
_____/

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on

March 16, 2016, by electronic and/or ordinary mail.

                                          S/Jennifer McCoy
                                          Case Manager